NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

COURAGE UHUMWNOMA OSAWE,

  Plaintiff-Appellant,

 v.

JENNIFER TINSLEY, DMV Investigator; et al.,

  Defendants-Appellees.

No.  19-16683

D.C. No.
3:18-cv-00600-RCJ-WGC

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted October 9, 2020**
Portland, Oregon

Before:  PAEZ and RAWLINSON, Circuit Judges, and ANTOON,*** District Judge.

  Plaintiff-Appellant Courage Osawe appeals the district court's grant of

---

  *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

  ***      The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

summary judgment in favor of Defendants-Appellees. Reviewing de novo, *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1075 (9th Cir. 2011) (per curiam), we affirm.[1]

The district court properly concluded that Defendants, Nevada Department of Motor Vehicle officers, were entitled to qualified immunity. Even assuming a reasonable jury could conclude that Defendants did not have probable cause to arrest Osawe for violating Nevada Revised Statutes 482.020 and 482.322, it was at least reasonably arguable that probable cause existed. *See id.* at 1078. At the time Osawe was arrested, Defendants had evidence that Osawe had personally sold one car and was involved in the sale of another. Further, he did not dispute that his phone number was listed on advertisements for four vehicles. Osawe had also been spotted at vehicle auctions. On the basis of this information, an officer could have reasonably believed that Osawe was dealing vehicles without a license. Defendants are therefore entitled to qualified immunity.

**AFFIRMED.**

---

[1] Because the parties are familiar with the facts and procedural history of this case, we do not recount them here.